O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

AUSTIN LOEUNG,

                Plaintiff,

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

Case No. CV 07-3704 RNB

ORDER REVERSING DECISION OF COMMISSIONER, AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1]

While hypothetical questions posed to a vocational expert need not include all alleged limitations, they must include those limitations substantiated by the evidence of record that the Administrative Law Judge ("ALJ") finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes v. Bowen,

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

881 F.2d 747, 756-57 (9th Cir. 1989); <u>Copeland v. Bowen</u>, 861 F.2d 536, 540 (9th Cir. 1988); <u>Martinez v. Heckler</u>, 807 F.2d 771, 773-74 (9th Cir. 1986).  Here, for the reasons stated by plaintiff at pages 4-7 of the Joint Stipulation, the Court concurs with plaintiff that the hypotheticals posed by the ALJ to the vocational expert did not include all the limitations that the ALJ found to exist.  The ALJ specifically found that plaintiff was restricted from work involving "exposure to dusts, fumes, and biological and chemical hazards."  (<u>See</u> AR 30, 33).  However, the ALJ did not include that same limitation in his hypothetical question to the vocational expert.  Rather, the ALJ posited an individual who was restricted from work involving "exposure to **concentrated** dusts, fumes or pollutants."  (<u>See</u> AR 315).  While the vocational expert's opinion that plaintiff remained capable of performing his past relevant work (or at least the bagger job) might very well have been the same if the ALJ's hypothetical question had comported with the limitation actually found by the ALJ, the Court declines to so speculate.[2]

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  <u>See</u>, <u>e.g.</u>, <u>Salvador v. Sullivan</u>, 917 F.2d 13, 15 (9th Cir. 1990); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989); <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  <u>See</u>, <u>e.g.</u>, <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984); <u>Lewin</u>, <u>supra</u>.  Remand for the payment of benefits is appropriate where no

---

[2]     The Court rejects the Commissioner's contention that the ALJ's followup examination of plaintiff concerning his cleaner job somehow cured the ALJ's error in failing to pose a complete hypothetical to the vocational expert.  The record established that plaintiff had last worked as a cleaner in 1998.  (<u>See</u> AR 92; <u>see</u> <u>also</u> AR 314).  Dr. Singh's assessment of the severity of plaintiff's asthma impairment was rendered in 2005 (<u>see</u> AR 186-90), and in his application for Supplemental Security Income benefits, plaintiff was only claiming disability since February 15, 2003 (<u>see</u> AR 73).

1  useful purpose would be served by further administrative proceedings, <u>Kornock v.</u>
2  <u>Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed,
3  <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would
4  unnecessarily delay the receipt of benefits, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th
5  Cir. 1985).

6       Here, plaintiff's counsel could have asked the vocational expert at the
7  administrative hearing whether a restriction from work involving "exposure to dusts,
8  fumes, and biological and chemical hazards" precluded all gainful employment, but
9  failed to do so.  (<u>See</u> AR 319-20).  Thus, it is at least conceivable to the Court that,
10 even if the foregoing impairment prevented plaintiff from performing his past relevant
11 work, the Commissioner still may be able to satisfy his Step Five burden with
12 vocational expert testimony that other types of work in the national economy exist that
13 plaintiff remains capable of performing.[3]

14      Accordingly, the Court has concluded that this is a case where additional
15 administrative proceedings still could remedy the defect in the ALJ's decision.

16
17                              **<u>Order</u>**
18      Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS
19 ORDERED that Judgment be entered reversing the decision of the Commissioner of
20 Social Security, and remanding this matter for further administrative proceedings.

21
22 DATED: <u>Arpil 22, 2008</u>
23                                    _____
                                     ROBERT N. BLOCK
24                                   UNITED STATES MAGISTRATE JUDGE
25
26      [3]    As plaintiff has pointed out in the Joint Stipulation, the ALJ's reference
27 in the hearing decision to vocational expert testimony about alternative work is
   unsupported by the transcript of the administrative hearing.  The Commissioner does
28 not contend otherwise in his portion of the Joint Stipulation.

                                     3